# THE COMMISSIONERS OF HIGHWAYS OF THE TOWN OF ROSS, IN VERMILION COUNTY,

*v.*

# THE SUPERVISORS OF THE TOWNS OF NEWELL, BLOUNT AND GRANT.

1. APPEALS *from highway commissioners to supervisors—of the form thereof.* It is not essential that the paper intended as an appeal from an order of the commissioners of highways, to the supervisors, under the sixty-eighth, sixty-ninth and seventieth sections of article seventeen, of the township organization law of 1861, should be formally addressed to the town clerk. It is sufficient, if it is a paper stating the order appealed from, the time when the order was filed, and the ground upon which the appeal is taken, signed by the party appealing, and filed by him within the required time, together with the bond of the party, with sureties, to be approved by the clerk.

2. NOTICE *of such appeal—of stating the grounds of appeal.* The statute does not require the grounds of such an appeal to be stated in the notices issued to the commissioners and petitioners, but in the paper filed with the town clerk; and if the clerk, in issuing the notices, undertakes to set forth therein the grounds of the appeal, and misstates them, while it may be a good reason for an application to the supervisors to postpone the hearing, it will not affect their jurisdiction over the subject matter of the appeal as set forth in the paper filed with the town clerk.

APPEAL from the Circuit Court of Vermilion county; the Hon. JAMES STEELE, Judge, presiding.

The opinion states the case.

Messrs. BECKWITH & HANFORD, for the appellants.

Messrs. HAWES & EVANS, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a writ of *certiorari* issued by the circuit court of Vermilion county to the supervisors of certain towns in said

county, commanding them to send up the record of their proceedings in the matter of an appeal to them from the order of the commissioners of highways of the town of Ross, opening a road. The supervisors sent up the record, and the court, on examining it, dismissed the writ. From this order the commissioners appealed.

It is insisted, in behalf of appellants, that no appeal from the highway commissioners was taken, in the manner provided by the sixty-eighth, sixty-ninth and seventieth sections of article seventeen, of the township organization law of 1861, and that, therefore, the supervisors acquired no jurisdiction.

There are but two objections which we deem it necessary to notice. The first is, that the paper sent up by the supervisors as a part of their record, marked " exhibit A," is not an appeal addressed to the town clerk, and filed by him, as required by the statute.

It is true, the paper is informal. It commences as a certificate of the town clerk, as follows :

" *County of Vermilion, Town of Ross :*
" I, James D. Bingham, town clerk of said town of Ross, do hereby certify that, on the fourth day of June, 1867, came A. J. Miller, and filed with me his appeal, in writing, appealing from " etc., proceeding to describe the order of the commissioners.

The paper is signed A. J. Miller, and is endorsed as filed in the town clerk's office, on the fourth of June, 1867. The statute prescribes no particular form for taking the appeal, and we have no idea that the legislature intended a rigid rule of construction should be applied to proceedings of this character. This paper complies with all the requirements of the act, except that it is not formally addressed to the town clerk, and the endorsement of the filing is not signed by him. But we do not deem it essential that the paper intended as an appeal shall be thus formally addressed. It is sufficient, if it is a

21—53RD ILL.

paper stating the order appealed from, the time when the order was filed, and the ground upon which the appeal is taken, signed by the party appealing, and filed by him within the required time, together with the bond of the party, with sureties, to be approved by the clerk. All these things are found in this case, except the formal address to the town clerk. That this paper was in fact filed with the town clerk, at the time named, is not denied, and is shown by his certificate marked exhibit D, and addressed to the supervisors selected by him for hearing the appeal, as required by the statute. Exhibit A was evidently a form of taking the appeal, prepared by the town clerk, and the fact that he commences it with a certificate in his own name, stating that an appeal has been taken, does not vitiate it, when we find it duly signed by the appellant, and containing all that such a paper should contain, except the formal address to the town clerk himself. The paper shows, indeed, that the appeal was in fact addressed to him instead of to a supervisor or justice of the peace, as the law allows to be done in certain cases, and thus answers all the purposes of a formal address. It contains all the necessary substance, and, as already remarked, in such proceedings we are not inclined to be tenacious about forms.

It is further objected that, inasmuch as the notices of the appeal issued by the town clerk to the commissioners, and to the petitioners for the highway, specified that the object of the appeal was to wholly reverse the order of the commissioners, the supervisors had no power to re-assess the damages. But the paper marked A., showing the appeal, and filed with the town clerk, states, as the ground of appeal, that the commissioners allowed insufficient damages to Miller, and the statute does not require the grounds of appeal to be stated in the notices issued to the commissioners and petitioners, but in the paper filed with the town clerk. The error of the clerk in stating the grounds of appeal in the notices, might have been a good reason for an application to the supervisors to postpone the hearing, but did not affect their jurisdiction over

the subject matter of the appeal as set forth in the paper filed with the town clerk. That jurisdiction could not be ousted by a statement of the clerk in the notices which the law did not authorize him to make. By the appeal itself, the supervisors, when selected, acquired jurisdiction of the subject matter, and by the service of notice of the appeal, jurisdiction over the parties, and when the parties resisting the appeal appeared, as they did appear, if they had in fact been misled by the extra-official statement of the clerk as to the grounds of appeal, and desired further time to meet the question of damages, they should have asked for it, and probably would have obtained it.

*Judgment affirmed.*